UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
KING ANTWAN D. WILSON ALI BEY,    :        CASE NO. 1:16 CV 899
                                        :
              Plaintiff,                :
                                        :
vs.                                     :        OPINION & ORDER
                                        :
DONNA L. MARCOGUISEPPE,            :
                                        :
              Defendant.                :
                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Plaintiff, proceeding *pro se* and identifying himself as King Antwan D. Wilson Ali Bey,

has filed this *in forma pauperis* civil action against Donna L. Marcoguiseppe, the Clerk of the

Garfield Heights Municipal Court.  In addition to a Complaint, the plaintiff has filed a Notice of

Writ of Mandamus, and motions for summary judgment (Doc. Nos. 5, 6).

        The Complaint is incomprehensible and does not set forth factual allegations that are

intelligible to the Court.  Nor does the Complaint set forth any coherent federal cause of action.

As best that can be discerned, the plaintiff is seeking $10 million in damages in connection with

a traffic case brought against him in Garfield Heights Municipal Court.  However, the

Complaint fails to set forth discernible factual allegations regarding Clerk Marcoguiseppe.

        Federal district courts are required under 28 U.S.C. §1915(e)(2)(B) to screen and dismiss

before service any *in forma pauperis* action the Court determines is frivolous or malicious, fails

to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).  To state a

claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Id*. at 470-71 (holding "that the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] governs dismissals for failure to state a claim" under §1915(e)(2)(B)).

The Complaint must be dismissed under §1915(e)(2)(B).  It does not set forth allegations reasonably suggesting the plaintiff has any plausible federal claim against Clerk Marcoguiseppe.  *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief).  In addition, judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions.  *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967) (judges); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir.1973) (municipal court clerk).  Clerk Marcoguiseppe is therefore immune from a damages suit against her arising from her official duties in connection with a traffic case.

### Conclusion

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed in accordance with 28 U.S.C.§1915(e)(2)(B).  The plaintiff's motions for summary judgment are denied.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: July 20, 2016                                *s/    James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

-2-